# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:25-cv-00925

| | |
|---|---|
| SHIVAM GASTONIA, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ACCELERANT SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) ) |

## NOTICE OF REMOVAL

NOW INTO COURT, comes Defendant, Accelerant Specialty Insurance Company ("Accelerant"), which, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, hereby removes the lawsuit styled *Shivam Gastonia, Inc. v. Accelerant Specialty Insurance Company*, Case No. 25-CVS-4442-350, on the docket of the General Court of Justice Superior Court Division for the County of Gaston, State of North Carolina, to the United States District Court for the Western District of North Carolina.[1] Accelerant respectfully submits that the grounds for its removal of this action are as follows:

1. On September 29, 2025, Plaintiff Shivam Gastonia, Inc. ("Shivam") initiated this lawsuit by filing a Summons and Verified Complaint in the General Court of Justice, Superior Court Division for the Gaston County, State of North Carolina (the "State Court Action"). (*See* **Exhibit 1**, attached hereto and incorporated by reference).

---

[1] By removing this action to United States District Court for the Western District of North Carolina, Accelerant does not admit that all Policy conditions and conditions precedent to any lawsuit have been met. Accelerant reserves the right to enforce all Policy conditions.

Case 3:25-cv-00925-KDB-DCK    Document 1    Filed 11/19/25    Page 1 of 7
PD.56298178.1

2. On October 9, 2025, the North Carolina Commissioner of Insurance ("NCCOI") accepted service of the Summons and Complaint on behalf of Accelerant pursuant to N.C.G.S. § 58-16-30. Contemporaneously with service of the Summons and Complaint, Shivam also served Interrogatories, Requests for Production of Documents, and Requests for Admission[2] on Accelerant pursuant to N.C. R. Civ. P. 33(a), 34(b), and 36(a). (*See* **Exhibit "2"** attached hereto and incorporated by reference).

3. In accordance with 28 U.S.C. 1446(a), a copy of all process, pleadings, and orders served upon Accelerant in the State Court Action are attached hereto as **Exhibits "1" through "2."**

## Citizenship of the Parties

4. Plaintiff, Shivam Gastonia, Inc., is a North Carolina company with its principal place of business in Gaston County, North Carolina.

5. Defendant, Accelerant Specialty Insurance Company, is a Arkansas corporation with its principal place of business in Georgia.

## Amount in Controversy

6. There is more than $75,000.00, exclusive of interest and costs, in controversy in this lawsuit.

7. In the Complaint, Shivam simply alleges that it is entitled to "damages in excess of $25,000."[3]

---

[2] The Requests for Admission served on Accelerant were procedurally defective. If Rule 36 Requests for Admission are served with a summons and complaint, the North Carolina Rules of Civil Procedure require that "the summons shall so state." N.C. R. Civ. P. 4(b), 36(a). The Summons served by Shivam does not state that the Requests for Admission were being served with the Summons and Complaint. (*See* **Exhibit 1**).

[3] Per the North Carolina Rules of Civil Procedure, a plaintiff is not permitted to demand a specific amount of damages but rather must merely allege that the "relief demanded is for

8. Where the amount in controversy is not apparent from the face of the complaint, this Court may consider evidence outside the complaint in order to determine the amount in controversy. *Wood v. General Dynamics Advanced Information Systems, Inc.,* Case No. 1:08-cv-624, 2009 WL 1687967 (M.D.N.C. 2009) (collecting cases from other circuits); *Crespo v. Delta Apparel, Inc.,* Case No. 5:07-cv-65-v, 2008 WL 2986279 (W.D.N.C. 2008).

9. In this insurance coverage dispute, subject to all of its terms, conditions, and exclusions, the Policy at issue provides a Blanket Covered Property limit of $5,205,096. A copy of the Policy is attached hereto as **Exhibit "3"** and incorporated by reference.

10. Prior to the filing of the Complaint in the State Court Action, Shivam submitted an unsolicited sworn statement in proof of loss in the amount of $702,229.75 for the alleged cost to repair damage to property allegedly covered under the Policy. The sworn statement in proof of loss is dated September 13, 2024. A copy of the sworn proof of loss form is attached hereto as **Exhibit 4**.

11. Because Shivam seeks more than $75,000, exclusive of interest and costs, by way of this litigation, the amount in controversy has been satisfied for the purposes of removal. 28 U.S.C. § 1332(a).

## Timeliness of Removal

12. Generally, a notice of removal must be "filed within 30 days after receipt by the defendant, through service or otherwise" of a complaint. 28 U.S.C. § 1446(b). When a defendant is served through a statutory agent, such as the NCCOI, the deadline for such defendant to file for

---

damages incurred or to be incurred in excess of twenty-five thousand dollars ($25,000)," N.C. R. Civ. P. 8(a)(2), thereby "making it difficult to determine the exact amount in controversy . . . ." *Lee Elec. Constr., Inc. v. Eagle Elec., LLC*, No. 1:03CV00065, 2003 U.S. Dist. LEXIS 9956, at *7 (M.D.N.C. June 10, 2003)

removal is 30 days from the date on which the defendant actually and in fact receives copies of the summons and complaint. *Elliott v. Am. States Ins. Co.*, No. 1:16CV1175, 2017 U.S. Dist. LEXIS 38377, at *9 (M.D.N.C. Mar. 17, 2017) ("Elliott served the Complaint and Summons on the North Carolina Commissioner of Insurance who then forwarded the documents to American States. Only upon receipt on August 24, 2016 of the Complaint and Summons as forwarded by the Commissioner could American States have known whether or not the matter could be removed to federal court, which it did within thirty days . . . ." (citations omitted)).

13. Accelerant was not in receipt of the summons and complaint forwarded from the NCCOI, and thus had no notice of that the State Court Lawsuit had been filed against it, until, at the earliest, October 27, 2025.

14. Furthermore, one year has not passed from the commencement of this action, which occurred on September 29, 2025.

15. Accordingly, Accelerant's Notice of Removal timely pursuant to 28 U.S.C. § 1446(b).

**Conclusion**

16. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

17. As set forth above, diversity of citizenship exists between Plaintiff and Defendant, and because the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

18. Venue is proper under 28 U.S.C. § 1446(a) because the State Court Action is pending within the United States District Court for the Western District of North Carolina, Charlotte Division, and the property that is subject to the insurance claim at issue is located within the geographic boundaries of the United States District Court for the Western District of North Carolina, Charlotte Division.

19. Promptly after filing this Notice of Removal, written notice hereof will be given to all parties. In addition, Accelerant will file a copy of this Notice of Removal with the Clerk of Court for the General Court of Justice Superior Court Division for the County of Gaston, State of North Carolina in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, Accelerant Specialty Insurance Company, prays that this Notice of Removal be deemed good and sufficient, that the aforesaid Complaint be removed from the General Court of Justice, Superior Court Division for the County of Gaston, State of North Carolina to the United States District Court for the Western District of North Carolina for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court and thereupon proceed with the civil action as if it had been commenced originally herein.

Respectfully submitted by this 19th day of November, 2025.

                      */s/ Turner R. Albernaz*
                      Kevin M. O'Brien, NC Bar No. 43373
                      Kevin.obrien@phelps.com
                      Turner R. Albernaz, NC Bar No. 53369
                      Turner.albernaz@phelps.com
                      PHELPS DUNBAR LLP
                      4300 Edwards Mill Road, Suite 600
                      Raleigh, North Carolina 27612
                      T: (919) 789-5300
                      F: (919) 789-5301

                      *Attorneys for Accelerant Specialty Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that I have on this date, November 19, 2025, electronically filed the foregoing Norice of Removal with the Clerk of Court using the CM/ECF system. Furthermore, a true and correct copy of the foregoing Notice Of Removal was sent to the following attorneys of record via UPS Overnight Delivery and electronic mail.

Andrew L. Fitzgerald
andy@fhslitigation.com
D. Stuart Punger, Jr.
stuart@fhslitigation.com
FITZGERALD HANNA & SULLIVAN, PLLC
119 Brookstown Avenue, Suite 402
Winston-Salem, NC 27101
T: (336) 793-4696
*Attorneys for Plaintiff*

Respectfully submitted by this 19th day of November, 2025.

                                         */s/ Turner R. Albernaz*
                                         Kevin M. O'Brien, NC Bar No. 43373
                                         Kevin.obrien@phelps.com
                                         Turner R. Albernaz, NC Bar No. 53369
                                         Turner.albernaz@phelps.com
                                         PHELPS DUNBAR LLP
                                         4300 Edwards Mill Road, Suite 600
                                         Raleigh, North Carolina 27612
                                         T: (919) 789-5300
                                         F: (919) 789-5301

                                         *Attorneys for Accelerant Specialty Insurance Company*